UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E SALVADOR BARRIOS,<br><br>          Plaintiff,<br>     v.<br><br>H&R BLOCK BANK, et al.,<br><br>          Defendants. | Case No. 12cv2175 BTM(NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendant San Diego Financial Services, Inc. ("Defendant" or "SDFS") has filed a motion to dismiss Plaintiff's Complaint. For the reasons discussed below, Defendant's motion is **GRANTED**.

**I. BACKGROUND**

In or about November 2006, Plaintiff E. Salvador Barrios ("Plaintiff") borrowed $562,500 from Paramount Equity Mortgage. (Ex. 1 to Compl.) The note was secured by a Deed of Trust. (Ex. 2 to Compl.) The Deed of Trust attached a legal description of the property ("Property"), identified as assessor's parcel no. 479-250-06: "South 170 feet of the West 1/2 of the West 1/2 of Lot 34 of subdivision, Lot 12 of Rancho Mission of San Diego, City of Lemon Grove, County of San Diego, State of California, per Map no. 5 of the San Diego County Recorder except East 20 feet and except West 210 feet." (Compl. ¶ 44, Ex. 2.) The Deed of Trust listed the Property Address as "7042 San Miguel, Lemon Grove,

California, 91945-2135."

On April 24, 2012, Quality Loan Service Corp. ("QLS"), which identified itself as the "Trustee," recorded a Notice of Default against the Property. (Ex. 3 to Compl.) According to the Notice of Default, Plaintiff was in default in the amount of $15,090.92. The Notice indicated that if Plaintiff wished to arrange for payment or had questions about payment, Plaintiff should contact H&R Block Bank ("H&R").

On July 30, 2012, QLS recorded a Notice of Trustee's Sale. (Ex. 4 to Compl.) On August 23, 2012, a Trustee's Sale was held, and SDFS allegedly purchased the Property. (Compl. ¶ 36.)

On August 30, 2012, a Trustee's Deed Upon Sale was recorded, which listed the purported grantee of the Property as SDFS. (Compl. ¶ 37.)

A 3-day notice to quit was served at 7042 San Miguel Ave. as well as 2728 Cornelius Place, which is also on parcel no. 479-250-06 and has the same legal description. (Compl. ¶ 57.)

On September 4, 2012, Plaintiff commenced this action. Plaintiff names as defendants H&R as well as SDFS. Plaintiff's Complaint asserts claims for (1) quiet title; (2) declaratory relief; (3) violation of 15 U.S.C. § 1641(g); (4) waiver; (5) estoppel; (6) fraud; (7) negligent misrepresentation; and (8) unfair business practices.

## II. DISCUSSION

SDFS moves for dismissal of Plaintiff's claims against it. As discussed below, the Court agrees that Plaintiff has failed to state a claim against SDFS.

A. Third through Eighth Causes of Action

Plaintiff does not dispute that his third through eighth causes of action do not pertain to SDFS. These claims are based on Plaintiff's allegations that the lender misled him into believing that he would be able to modify his loan and then told Plaintiff at the last minute that he did not qualify for a modification. Accordingly, SDFS's motion is granted as to

Plaintiff's third though eighth causes of action.

B. <u>Plaintiff's First Cause of Action - Quiet Title as to 7042 San Miguel Ave.</u>

Plaintiff's first cause of action is to quiet title with respect to 7042 San Miguel Ave. Plaintiff claims that he was never notified of an assignment of beneficial status and rights to H&R as required under 15 U.S.C. § 1641(g) and Cal. Civil Code § 2932.5. (Compl. ¶ 48.) Thus, Plaintiff argues, H&R lacked legal standing to assert the power of sale in the Deed of Trust.

However, neither 15 U.S.C. § 1641(g) nor Cal. Civil Code § 2932.5 supports Plaintiff's position regarding H&R's alleged lack of standing. Under 15 U.S.C. § 1641(g), a provision of the Truth in Lending Act ("TILA"), when a "mortgage loan is sold or otherwise transferred or assigned to a third party," a "creditor that is the new owner" is required to "notify the borrower." TILA authorizes actual damages, statutory damages, and attorneys fees for violations of § 1641(g). 15 U.S.C. § 1640(a). TILA does not provide that failure to comply with § 1641(g) results in lack of standing of the subsequent owner to initiate nonjudicial foreclosure proceedings under California law.

California Civil Code §§ 2924-2924k provide a "comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." <u>Moeller v. Lien</u>, 25 Cal. App. 4th 822, 830 (1994). Within this framework, nonjudicial foreclosure proceedings can be instituted by "the trustee, mortgagee, or beneficiary, or any of their authorized agents" by filing a notice of default with the office of the recorder. Cal. Civ. Code § 2924(a)(1). No less than three months after the filing of the notice of default, a notice of sale may be given by "the mortgagee, trustee, or other person authorized to take the sale." Cal. Civ. Code § 2924(a)(3). There is no requirement in §§ 2924-2924k that the assignee of a mortgage loan and deed of trust notify the borrower of the assignment before initiation of nonjudicial foreclosure proceedings.

Plaintiff's reliance on Cal. Civ. Code § 2932.5 is misplaced. Section 2932.5, provides:
> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the

> power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. *The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.*

(Emphasis added.)  However, § 2932.5 does not apply where, as here, the power of sale is set forth in a deed of trust.  Section 2932.5 applies only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee.  Calvo v. HSBC Bank USA, N.A., 199 Cal. App. 4th 118, 122 (2012); Stockwell v. Barnum, 7 Cal. App. 413, 417 (1908).  Accordingly, courts have rejected claims that defendants lack the right to foreclose where there is no recorded assignment evidencing the transfer of the underlying loan.  See Calvo, 199 Cal. App. 4th at 821 (holding that plaintiff had no legal basis for setting aside foreclosure sale because the power of sale was conferred in a deed of trust and HSBC Bank, assignee of the loan and deed of trust, was entitled to invoke the power of sale); Roque v. Suntrust Mortg., Inc., 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010)(rejecting argument that power of sale in the deed of trust was no longer valid because the chain of ownership was unrecorded); Parcray v. Shea Mortg. Inc., 2010 WL 1659369, at * 11 (E.D. Cal. Apr. 23, 2010) (finding no merit to plaintiff's argument that the foreclosure sale was void because it was not initiated by Shea and there was no recorded assignment evidencing the transfer of the loan from Shea to ALS).

Accordingly, Plaintiff's quiet title claim as to 7042 San Miguel Ave. is dismissed for failure to state a claim.[1]

C.   Plaintiff's Second Cause of Action - Quiet Title as to 2728 Cornelius Place

Plaintiff's second cause of action is to quite title with respect to 2728 Cornelius Place.

---

[1] SDFS argues that Plaintiff's quiet title claims fail because Plaintiff has not tendered the full amount of the debt.  However, because Plaintiff's argument is that the foreclosure sale was void – i.e. that Defendants lacked the authority to initiate non-judicial foreclosure – the tender rule does not apply.  See Martinez v. America's Wholesale Lender, 446 Fed. Appx. 940, 943 (9th Cir. 2001) ("The tender rule does not apply to a void, as opposed to a voidable, foreclosure sale."); Christiansen v. Wells Fargo Bank, 2012 WL 4716977, at *8 (N.D. Cal. Oct. 1, 2012) ("However, courts do not require tender when a plaintiff is not relying on equity to set aside a trustee sale and, instead, alleges that the sale was void, rather than voidable.").

The gist of Plaintiff's argument is that 2728 Cornelius Place was not mentioned in the Deed of Trust and that, therefore, Defendants had no power of sale with respect to the address.

The Court is not persuaded by Plaintiff's argument. Although the Deed of Trust did not list the address of 2728 Cornelius Place, the Deed of Trust listed the parcel number as well as a legal description of the Property. Plaintiff does not dispute that 2728 Cornelius Place is located on parcel no. 479-250-06, with the legal description that is attached to the Deed of Trust.

To be valid, a deed of trust "must contain such a description of the real property thereby intended to be conveyed as will enable to the property to be readily located by reference to the description." Scott v. Woodworth, 34 Cal. App. 400, 409 (1917). "The rule is also well established that the parties to a deed may describe the property therein conveyed by a reference therein to another deed or map which contains a description . . . ." Saterstrom v. Glick Bros. Sash, Door & Mill Co., 118 Cal. App. 379, 381 (1931). Although the Deed of Trust did not specifically mention 2728 Cornelius Place, the reference to the parcel number as well as the legal description sufficiently described the real property.

The Notice of Default and Notice of Trustee's Sale also included the necessary information regarding the property at issue. A notice of default must include "[a] statement identifying the mortgage or deed of trust by stating the name or names of the trustor or trustors and giving the book and page, or instrument number, if applicable, where the mortgage or deed of trust is recorded or a description of the mortgaged or trust property." Cal. Civ. Code § 2924(a)(1)(A). The Notice of Default included the instrument number of the Deed of Trust (2006-0818874) as well as the parcel number.

A notice of sale shall "describe the property by giving its street address, if any, or other common designation, if any, and a county assessor's parcel number . . . ." Cal. Civ. Code § 2924f(b)(5). Notably, "[i]f a legal description or a county assessor's parcel number and either a street address or another common designation of the property is given, the validity of the notice and the validity of the sale shall not be affected by the fact that the street address . . . [is] erroneous . . . or that the street address . . . [is] omitted." Id. The

Notice of Sale included the parcel number as well as the "purported property address" of 7042 San Miguel Avenue.  Therefore, even though the Notice of Sale did not also include the common address of 2728 Cornelius Place, the notice was still valid.

The Deed of Trust granted the Trustee power of sale with respect to the Property, which included 2728 Cornelius Place.  Plaintiff has not alleged facts establishing that the sale was invalid.  Therefore, Plaintiff's quiet title claim as to 2728 Cornelius Place is dismissed as well.

D.  Plaintiff's Second Cause of Action - Declaratory Relief

Plaintiff's Second Cause of Action seeks declaratory relief that (1) the trustee sale is void as to 7042 San Miguel Avenue because H&R Block has no standing to assert the power of sale under the Deed of Trust; (2) the trustee sale is void as to 7042 San Miguel Avenue because H&R waived or is estopped from asserting any right to exercise the power of sale in the Deed of Trust; and (3) the trustee sale is void as to 2728 Cornelius Place.

To the extent Plaintiff's declaratory relief claim rests upon the arguments that H&R has no standing to assert the power of sale under the Deed of Trust or that the power of sale does not extend to 2728 Cornelius Place, Plaintiff's claim fails for the same reasons discussed above.

As for Plaintiff's waiver and estoppel arguments, these arguments fail because waiver and estoppel are doctrines that operate defensively only.  Supervalu, Inc. v. Wexford Underwriting Managers, Inc., 175 Cal. App. 4th 64, 77 (2009).  Plaintiff is not raising the doctrines as a defense to a current assertion of rights by Defendants, but, rather, seeks to undo a foreclosure sale that has already been completed.  There is no authority for such use of these defenses.  See, e.g., Tran v. Bank of America, N.A., 2012 WL 5384929, at * 5 (W.D. Wash. Nov. 1, 2012) (explaining that the court cannot "estop" a foreclosure sale that has already happened).

//

//

### III. CONCLUSION

For the reasons discussed above, SDFS's motion to dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED** as to defendant San Diego Financial Services, Inc.  The Court grants Plaintiff leave to file an amended complaint against SDFS within **15 days of the entry of this Order**.  Failure to do so will result in the entry of judgment dismissing this case against SDFS.

**IT IS SO ORDERED.**

DATED:  March 25, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court