# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E SALVADOR BARRIOS,<br><br>                Plaintiff,<br>v.<br><br>H&R BLOCK BANK, et al.,<br><br>                Defendants. | Case No. 12cv2175 BTM(NLS)<br><br>**ORDER GRANTING MOTIONS TO DISMISS FIRST AMENDED COMPLAINT** |

    Defendant San Diego Financial Services, Inc. ("SDFS") and H&R Block Bank ("H&R") have filed motions to dismiss Plaintiff's First Amended Complaint ("FAC"). For the reasons discussed below, Defendants' motions are **GRANTED**.

## I. BACKGROUND

    On or about November 8, 2006, Plaintiff E. Salvador Barrios ("Plaintiff") borrowed $562,500 from Paramount Equity Mortgage. The note was secured by a Deed of Trust. (H&R's RJN, Ex. 1.) The Deed of Trust attached a legal description of the property ("Property"), identified as assessor's parcel no. 479-250-06: "South 170 feet of the West 1/2 of the West 1/2 of Lot 34 of subdivision, Lot 12 of Rancho Mission of San Diego, City of Lemon Grove, County of San Diego, State of California, per Map no. 5 of the San Diego

County Recorder except East 20 feet and except West 210 feet." The Deed of Trust listed the Property Address as "7042 San Miguel, Lemon Grove, California, 91945-2135."

In a Corporation Assignment of Deed of Trust executed on March 30, 2011, and recorded on April 11, 2011, Sand Canyon Corporation fka Option One Mortgage Corporation assigned all beneficial interest under the Deed of Trust to H&R. (H&R's RJN, Ex. 5.) (Documents assigning beneficial interest under the Deed of Trust to Sand Canyon Corporation are not part of the record, but Plaintiff does not dispute that the Deed of Trust had previously been assigned to Sand Canyon Corporation.)

On April 24, 2012, Quality Loan Service Corp. ("QLS"), which identified itself as the "Trustee," recorded a Notice of Default against the Property. (H&R's RJN, Ex. 2.) According to the Notice of Default, Plaintiff was in default in the amount of $15,090.92. The Notice indicated that if Plaintiff wished to arrange for payment or had questions about payment, Plaintiff should contact H&R.

On July 30, 2012, QLS recorded a Notice of Trustee's Sale. (H&R's RJN, Ex. 3.) On August 23, 2012, a Trustee's Sale was held, and SDFS purchased the Property. (FAC ¶¶ 35-36.)

On August 30, 2012, a Trustee's Deed Upon Sale was recorded. The deed lists the grantee of the Property as SDFS. (H&R's RJN, Ex. 4.)

A 3-day notice to quit was served at 7042 San Miguel Ave. as well as 2728 Cornelius Place, which is also on parcel no. 479-250-06 and has the same legal description. (FAC ¶¶ 37-38, 57)

On September 4, 2012, Plaintiff commenced this action.

In an Order filed on March 25, 2013, the Court granted a motion to dismiss filed by SDFS.

On April 12, 2013, Plaintiff filed the FAC.

## II. **STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 565 U.S. 662, 679 (2009) (internal quotation marks omitted). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

## III. **DISCUSSION**

SDFS and H&R move for dismissal of the FAC pursuant to Fed. R. Civ. P. 12(b)(6). As discussed below, the Court finds that dismissal of the FAC is warranted because Plaintiff has failed to state a claim against Defendants.

A. Quiet Title Claim as to 7042 San Miguel Ave.

Plaintiff's first cause of action is to quiet title with respect to 7042 San Miguel Ave. As in the original complaint, Plaintiff alleges that H&R lacked standing to assert the power of sale in the Deed of Trust because Plaintiff was

never notified of an assignment of beneficial status and rights to H&R as required under 15 U.S.C. § 1641(g) and Cal. Civil Code § 2932.5. (FAC ¶ 48.)

For the reasons discussed in the Court's prior order, neither 15 U.S.C. § 1641(g) nor Cal. Civil Code § 2932.5 supports Plaintiff's claim that H&R lacked standing to initiate nonjudicial foreclosure. (Order Granting Motion to Dismiss (Doc. No. 9) at 3-4.) Therefore, Plaintiff's quiet title claim as to 7042 San Miguel Ave. is dismissed for failure to state a claim.

C. <u>Quiet Title Claim as to 2728 Cornelius Place</u>

Plaintiff's second cause of action is to quite title with respect to 2728 Cornelius Place. As in the original complaint, Plaintiff contends that because 2728 Cornelius Place was not mentioned in the Deed of Trust, Defendants had no power of sale with respect to the address.

As discussed in the Court's prior order, Plaintiff's argument regarding 2728 Cornelius Place lacks merit. (Order Granting Motion to Dismiss at 4-6.) The Deed of Trust included the parcel number as well as the legal description of the Property, even if it did not include the specific address of 2728 Cornelius Place. The Notice of Default and Notice of Trustee's Sale also included the necessary identifying information regarding the Property (i.e., parcel number and/or instrument number of the Deed of Trust).

Plaintiff has not alleged facts establishing that the sale of 2728 Cornelius Place was invalid. Therefore, Plaintiff's quiet title claim as to 2728 Cornelius Place is dismissed as well.

D. <u>TILA Claim</u>

In his fourth cause of action, Plaintiff alleges that H&R violated 15 U.S.C. § 1641(g), a provision of the Truth in Lending Act ("TILA"). Section 1641(g) provides that when a "mortgage loan is sold or otherwise transferred or

assigned to a third party," a "creditor that is the new owner" is required to notify the borrower of the transfer within thirty days. TILA authorizes actual damages, statutory damages, and attorney's fees for violations of § 1641(g). 15 U.S.C. §1640(a).

Plaintiff's TILA claim is barred by TILA's one year statute of limitations. 15 U.S.C. § 1640(e). The assignment of the Deed of Trust to H&R was recorded on April 11, 2011. This action was not commenced until September 4, 2012. Plaintiff has not alleged any facts supporting equitable tolling of the limitations period. Indeed, Plaintiff alleges in the FAC that he obtained a second loan modification from Defendant, presumably H&R, around April 2011, and that he was in contact with Defendant on a regular basis in 2011 to discuss the possibility of further loan modification or other alternatives. (FAC ¶ 24.) Therefore, Plaintiff must have known that the Deed of Trust had been assigned to H&R and has no basis for invoking the doctrine of equitable tolling.

E. Waiver and Estoppel

Plaintiff's fifth and sixth causes of action are for "waiver" and "estoppel." Plaintiff contends that H&R waived any right to disaffirm a continuation of the second modification by continuing to accept 10 months of additional payments by Plaintiff after March 2011. Plaintiff also contends that H&R is estopped from denying the continuation of the second modification.

As discussed in the Court's prior order, Plaintiff's waiver and estoppel claims fail because waiver and estoppel are doctrines that operate defensively only and cannot be raised to undo a foreclosure sale that has already been completed. (Order Granting Motion to Dismiss at 6.)

///
///
///

F. Fraud and Negligent Misrepresentation

In his seventh and eighth causes of action, Plaintiff asserts claims of fraud and negligent misrepresentation in connection with H&R's denial of his application for a third loan modification.

Plaintiff's claims for fraud and negligent misrepresentation are based on the following facts. About April 2011, Defendant agreed to a second loan modification, the terms of which would continue until January 2012. (FAC ¶ 19.) (No documentation regarding the second loan modification has been provided.) Plaintiff made payments to Defendant under the second modification until January 2012. (FAC ¶ 23.) From January 2011 to just prior to January 2012, Plaintiff made calls to Defendant to discuss further loan modification or alternatives. (FAC ¶ 24.) During this time period, Defendant told Plaintiff that he did not qualify for anything and that foreclosure was his only option. (Id.)

On or about January 2012, Defendant increased the monthly mortgage payment amount. (FAC ¶ 25.) Plaintiff stopped making payments because of the increased amount and because his experience was that Defendant would not entertain any significant discussions about loan modification or other alternatives until Plaintiff stopped making payments. (Id.)

On or about March 2012, a representative of Defendant named Temidire Bada ("Bada") contacted Plaintiff to discuss possible further loan modification. (FAC ¶ 26.) Plaintiff informed Defendant that he desired a permanent loan modification or at least to continue the payment amount that was accepted by Defendant under the second loan modification. (Id.) Plaintiff had ongoing discussions with Bada about his financial condition from March 20, 2012 through August 21, 2012. (FAC ¶ 28.) Plaintiff provided Bada with requested financial information, including a loan modification application, tax returns, bank statements, and pay stubs. (Id.) Each time Plaintiff inquired about the status

of his application, Bada told Plaintiff that it was in the hands of the underwriters. (FAC ¶ 32.) In an effort to find a reasonable alternative to foreclosure, Plaintiff submitted documentation from an interested buyer for a proposed short sale, but Defendant never acknowledged or discussed the proposed short sale. (Id.)

On August 21, 2012, two days before the Trustee Sale, Plaintiff spoke with Bada, who informed Plaintiff that he did not qualify for a loan modification. (FAC ¶ 34.) The only reason given by Bada regarding Plaintiff's failure to qualify was that "Plaintiff had a prior loan modification with Defendant." (Id.) Defendant never disclosed to Plaintiff that a prior loan modification disqualified him from further loan modification consideration. (Id.)

Plaintiff alleges that H&R defrauded him by concealing, until it was too late, that he would not qualify for the third modification because of his prior loan modification. However, the facts alleged by Plaintiff do not support his claims for fraud and negligent misrepresentation. Although Bada stated that the reason for the denial was that "Plaintiff had a prior loan modification with Defendant," there is no evidence that the prior modification was *an automatic bar* to further modification. If prior modification was one of many factors that could be considered by the underwriters in deciding whether to grant modification, Bada could not have said with certainty that Plaintiff would not qualify. Plaintiff does not allege that Bada ever represented that he would qualify for the modification or that approval was likely. Indeed, Plaintiff admits that during the prior year, Defendant told Plaintiff that he did not qualify for anything and that foreclosure was his only option.

Furthermore, Plaintiff has not established that he was damaged by Defendant's actions. Plaintiff stopped making mortgage payments in January 2012 and needed a modification because he could not afford the regular payment. (FAC ¶ 25.) Even if Plaintiff had known earlier that he would not receive a third modification, Plaintiff has not alleged facts showing that he

could have done something to prevent foreclosure. He was already in default by the time he began communicating with Bada in March 2012.

Therefore, Plaintiff's fraud and negligent misrepresentation claims are dismissed for failure to state a claim.

D. <u>Declaratory Relief & Cal. Bus. & Prof. Code § 17200</u>

Plaintiff's third cause of action seeks declaratory relief that (1) the Trustee Sale is void as to 7042 San Miguel Avenue because H&R Block has no standing to assert the power of sale under the Deed of Trust; (2) the Trustee Sale is void as to 2728 Cornelius Place because that address was never subject to the power of sale under the Deed of Trust; and (3) H&R is estopped from denying a continuation of the second modification. Plaintiff's ninth cause of action alleges that H&R engaged in unlawful, unfair, and fraudulent conduct in violation of Cal. Bus. & Prof. Code § 17200 by failing to give notice of the assignment and failing to disclose that H&R had no intention of ever agreeing to a third modification.

Plaintiff's declaratory relief claim and § 17200 claim are premised on Plaintiff's other claims, which are discussed above. Because Plaintiff's other claims fail to state a claim, Plaintiff's declaratory relief and § 17200 claims fail as well.[1]

---

[1] In Paragraph 91 of the FAC, Plaintiff states that he seeks remedies including but not limited to injunctive relief "and a determination that the Trustee sale is and was in violation of the same legal principles set forth in California's Homeowner's Bill of Rights, which in part prohibits dual tracking and a foreclosure of property while a borrower is in the process of obtaining a loan modification." Plaintiff does not specify whether any particular provision of the California Homeowner's Bill of Rights ("HBOR") was violated. Moreover, the HBOR was enacted July 11, 2012, and its amendments did not go into effect until January 1, 2013. See McGough v. Wells Fargo Bank, N.A., 2012 WL 5199411, at * 5 n. 4 (N.D. Cal. Oct. 22, 2012).

## IV. CONCLUSION

For the reasons discussed above, Defendants' motions to dismiss are **GRANTED**. Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failure to state a claim. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: August 6, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court